GLADNEY, Judge.
From a judgment rejecting his alternative demands for damages ex delicto and for workmen’s compensation the plaintiff has appealed.
This action arises from injuries sustained by O’Neal Peterson on July 18, 1964 as a result of an altercation with the appellee, Booker T. Williams. On the previous day, a Friday, Peterson had been driving a truck during the week for which work he received remuneration from Williams. Although Peterson was not expected to work on Saturday he had arranged with Williams to collect his weekly wages on that date and some time after 6 o’clock P. M. he sought out Williams and the two went to the garage and place of business of the appellee. Appellant testified that as they entered the garage without provocation or warning Williams struck him over the head and near the ankle with an iron bar and then Williams got into his car and drove away. There were no witnesses other than the two parties involved and their testimony is wholly in conflict.
Williams testified that although he owned and operated the two dump trucks Peterson was a partner in the joint venture and that they split the profits weekly after the operating expenses had been deducted and which usually amounted to approximately $25.00 per week. Peterson on the other hand testified he was employed by the defendant and was paid a wage of $60.00 per week. Apparently the altercation arose over a disputed claim for wages. Williams testified that his reason for striking the plaintiff was that the latter had pulled a knife and threatened him and the blows were made in self-defense.
The trial court in orally assigning reasons for judgment stated:
“This is a suit over an altercation to which there were only two witnesses, the plaintiff and the defendant. The plaintiff testified that the defendant hit him for no reason at all, and the defendant testified that he hit the plaintiff to keep him from cutting him with a knife. The burden is on the plaintiff to prove his case by a preponderance of the evidence. Somebody is not telling the truth but we don’t know who it is. All we can do is reject the demands of the plaintiff on the grounds that he has not proved his case.”
The testimony is conflicting and irreconcilable as to the ex delicto action. The plaintiff’s testimony, denying any altercation with the defendant and establishing no motive for the defendant’s action, is to us unbelievable. The defendant’s testimony, on the other hand, is not entirely free from suspicion. The testimony of other witnesses as to corroborative facts fails to add weight to either side. Thus we are in complete agreement with the trial court’s finding that the plaintiff has not borne the burden of proof by a preponderance of the evidence in proof of his claim for ex delicto damages.
It further appears that the plaintiff has failed to establish his claim for workmen’s compensation. When the plaintiff finished his work on Friday there was no other work to be done until the following Sunday. The injuries were sustained on Saturday, a nonwork day and the time was late in the evening. The plaintiff testified that he had no dispute over the amount of wages or that he had any altercation with the defendant at all. Plaintiff further testified he knew of no reason why the defendant should have struck him. Thus if we believe the plaintiff’s testimony, the injuries sustained had no connection with his employment. The injury, to be compensable, must generally occur during the course of employment, which means *366 during working hours, and must also be one arising out of the employment, which means that the accident must necessarily be the result of some risk to which the employee is subjected in the course of his employment by reason of the fact of his employment. Walker v. Lykes Brothers-Ripley S. S. Company, La.App., 166 So. 624 (Orl. Cir. 1936); Rigsby v. John W. Clark Lumber Company, La.App., 28 So.2d 346 (1st. Cir. 1946); Green v. Heard Motor Company, La.App., 53 So.2d 700 (2nd Cir. 1951). We therefore find that the injuries sustained did not arise out of and in the course and scope of his employment.
For the foregoing reasons the judgment from which the plaintiff has appealed is affirmed at appellant’s cost.