HALL, Judge.
This is a claim for death benefits under the Workmen’s Compensation Act asserted by decedent’s widow on her own behalf and on behalf of her four minor children.
Following trial on the merits judgment was rendered in favor of the widow individually and for and on behalf of her four minor children in the sum of $35.00 per week commencing June 28, 1966 and continuing thereafter during the dependency of the claimants, not however beyond 400 weeks, together with legal interest on each weekly payment from due date until paid, and for costs. Further judgment was rendered in the widow’s favor for $600.00 funeral expenses together with interest thereon from judicial demand until paid. Defendant appealed.
The facts are not in dispute. The decedent, Gerard J. Guidry, was an expert in the design, installation and repair of air control equipment on vessels. He had no regular employer but performed services for various boat owners on a contractual basis. A short time before his death he had contracted with defendant to furnish and install on a time and material basis all of the air control equipment on a vessel then being constructed for defendant at McDer-mott’s shipyard in Morgan City, Louisiana. The Trial Judge held, and the record leaves no doubt, that Mr. Guidry’s relationship with defendant was that of an independent contractor. The Trial Judge also found, and the record fully sustains his finding, that the performance of Mr. Guidry’s contract required a great amount of manual labor and that Mr. Guidry spent a substantial part of his work time in personally performing such labor. In fact he performed all of it without assistance. We fully agree with the holding of the Trial Court that Mr. Guidry was a statutory employee of defendant within the meaning of LSA-R.S. 23:1021 (6) which, as amended in 1948 excludes independent contractors from the provisions of the compensation act “unless a substantial part of the work time of an independent contractor is spent in manual labor by Mm in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter"
The only real issue in the case is whether the accident which resulted in Mr. Guidry’s death occurred in the course of his employment. If so, his widow and children are entitled to the benefits awarded by the Trial Court, since they were wholly dependent upon him for support. If not, there can be no recovery by them.
Mr. Guidry was killed about 5:30 A.M. on June 28, 1966 in an automobile accident while en route from his residence in New Orleans to the job site in Morgan City. The accident occurred at the Bayou Boeuf Bridge on U. S. Highway 90 several miles before reaching the shipyard. Mr. Guidry was driving his own truck when the acci *331 dent occurred. His contract with defendant did not require him to have or use a truck, nor was a truck necessary in the performance of his contract. He was not compensated under his contract with defendant either for travel time or expenses. He habitually used the truck in travelling to and from his residence and various jobs and in travelling from one job to another. In it he carried his tools and not only the equipment and parts needed for a particular vessel upon which he was working, but since he was often called from the job by various persons for emergency repairs on other vessels his truck was equipped with spare parts and other material with which to effect such repairs as he might be required to make. The record reflects that he habitually used the truck in his business but that he did so solely for his own convenience.
The day before his death Mr. Guidry telephoned from Morgan City to his wife in New Orleans and asked her to procure for him certain parts or materials which he needed on the job and told her that he would come home and pick them up. He came to New Orleans that night, loaded the materials which his wife had assembled onto his truck, and left early the next morning for Morgan City. The fatal accident occurred on the way.
The Trial Judge concluded that since Mr. Guidry was en route to his work carrying necessary materials for his work at the time of the accident he was therefore injured in the course and scope of his employment. We do not agree with the Trial Judge’s conclusion. Mr. Guidry did not get the materials at defendant’s request nor for defendant’s account but for his own account as a contractor. The materials belonged to Mr. Guidry until he had completed his contract and turned the completed job over to defendant. Defendant had no interest in the materials at the time of the accident nor any interest in or control over the means Mr. Guidry took to get the materials to the job site. Defendant’s sole interest was in the completed job.
The general rule firmly imbedded in our jurisprudence is that an accident suffered by an employee while going to work does not arise out of, or in the course of, his employment and consequently there can be no recovery of compensation benefits for injuries arising thereform. (See Malone, Louisiana Workmen’s Compensation Law and Practice [1951]. § 171 et seq.)
There are exceptions to the general rule (see generally Malone supra § 173 et seq) but we find nothing in the circumstances of this case which would make it fall within any exception recognized by our jurisprudence. Mr. Guidry was killed en route to his work. The fact that he was carrying his own materials which were necessary to the completion of his contract is in our opinion immaterial. He was using his truck for his own convenience. He could have selected any other means for his own transportation and for the delivery of parts and materials necessary for the performance and completion of his contract. Cf. Babineaux v. Giblin, La.App., 37 So.2d 877.
Plaintiff relies exclusively upon the decision in Willis v. Cloud, La.App. 151 So.2d 379, writ refused 244 La. 623, 153 So.2d 415. That case is not apposite here. In that case plaintiff as part of his subcontract was required to bring his own vehicle with him and to use it on the job in performing his duties in the course of the day’s work. Mr. Guidry was not required by his contract to have a truck nor did the performance of his work require the use of a truck. He used the truck for his own convenience.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the defendant dismissing plaintiff’s suit at her cost; cost of this appeal to be borne by plaintiff-ap-pellee.
Reversed and rendered.