361 So.2d 934 (1978)
Linda Madere TIMBERLAKE and her husband David Timberlake
v.
AVIS RENT A CAR SYSTEM, INC.
No. 9452.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1978.
Rehearing Denied September 12, 1978.
Samuel Richard Exnicios, Roger R. Roy, New Orleans, for Linda Timberlake and David Timberlake, plaintiffs-appellants.
Stephen L. Huber, Metairie, for Avis Rent a Car System, Inc., defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
Plaintiff's suit for workmen's compensation benefits was dismissed on the basis that she was an independent contractor, and she appeals. Because of compromises amongst the parties to the original suit and stipulations, this appeal is only concerned with the determination of plaintiff's status as independent contractor or statutorily defined employee with the resultant issue of statutory penalties and attorney's fees.
The pertinent facts are that Linda Timberlake agreed to a vehicle transfer contract with Avis Rent A Car System, Inc. wherein she agreed to drive one of Avis' rental automobiles from Baton Rouge to New Orleans for a set price. The contract contained this language:
"It is agreed that this contract in no way constitutes Contractor as an agent, servant or employee of the Owner of said vehicle or of Avis Rent A Car System, Inc., any of its affiliates, agencies or Licensees."
The trial judge found that there was an actual contract for a specific undertaking at a stated price and that defendant had no control over the plaintiff except as a result of the work, and concluded that plaintiff was an independent contractor. We agree with the factual findings, but we disagree with the conclusion, believing the issue is controlled by the type of work done, that is, manual labor.
*935 The Louisiana Workman's Compensation Law contains a definition of "Independent Contractor" which goes beyond those facts recited by the trial judge. LRS 23:1021(6) defines independent contractor as follows:
"Independent Contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
The pertinent issue here is whether Timberlake was engaged in manual labor in carrying out the terms of the contract: driving an automobile from Baton Rouge to New Orleans. Our Louisiana statute has been cited by Larson's Workmen's Compensation Law, § 49.21 page 9-33, as an example of the type of statutory law which declares that an independent contractor doing manual work is an employee for compensation purposes, citing Blade v. Mervis, 226 So.2d 552 (La.App.1969) and Guidry v. DeFelice Marine Contractors, Inc., 200 So.2d 329 (La.App.1967). Unfortunately the statute does not contain a definition of manual labor and the stipulation of fact does not go into plaintiff's obligations under the contract except that she was to drive an automobile from Baton Rouge to New Orleans. LRS 1:3 requires that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Without citing dictionary authorities, we believe it sound to say that the common usage of "manual labor" would encompass the driving of an automobile, wherein a person is physically required to regulate the direction, speed and control of the car by physical means. We refer to the case of Welch v. Newport Industries, Inc., 86 So.2d 704 (La.App.1956) wherein the court, in applying the term "manual labor" to the Workmen's Compensation Law stated at page 707:
"* * * but the true legal meaning of the term "manual labor" is to denote work in which the physical element predominates over the mental, see 26 Words and Phrases, Verbo Manual Labor, p. 603. For purposes of determining compensation coverage, the distinguishing feature is whether the workingman participates physically himself, rather than  so to speak  aloofly directs in clean Sunday clothes."
In summary, we conclude that driving an automobile is manual labor within the definition of LRS 23:1021(6), and the plaintiff is a statutorily defined employee engaged in manual labor and covered by the provisions of the Workmen's Compensation Law.
Because of the stipulations of the parties, we do not have to decide the benefits to which the employee is entitled. There merely remains the question of assessment of statutory penalties and attorney's fees under LRS 23:1201.2. We believe reasonable cause existed for nonpayment. We note especially the terms of the contract entered into between the parties, and the fact that there was a serious dispute between the parties as to the application of the law and the contract terms to the claimant. We further note that the trial judge denied plaintiff benefits and dismissed her suit on the basis that she was an independent contractor. Under these circumstances we cannot say that the failure to pay is "arbitrary, capricious, or without probable cause." Accordingly, we would deny the claim for statutory penalties and attorney's fees.
IT IS ORDERED, ADJUDGED AND DECREED that the judgment appealed from is reversed, and there is judgment herein in favor of plaintiff Linda Timberlake decreeing her to be an employee of defendant Avis Rent A Car System, Inc. *936 and entitled to Workmen's Compensation Benefits for the accident of October 2, 1973, but denying her statutory penalties and attorney's fees. Each party shall bear his own proportion of the costs in the trial and appellate courts.
REVERSED AND RENDERED
PER CURIAM.
We note that the decree rendered herein is in error because it reversed the judgment appealed from in its entirety. Under the issues stipulated before us, we should have affirmed the judgment insofar as it denied plaintiff statutory penalties and attorney's fees.
Accordingly, we reform our decree and render it as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the judgment appealed from is reversed in part and affirmed in part as follows; there is now judgment herein in favor of plaintiff Linda Timberlake decreeing her to be an employee of defendant Avis Rent A Car System, Inc. and entitled to Workmen's Compensation Benefits for the accident of October 2, 1973, but affirming the judgment insofar as it denies her statutory penalties and attorney's fees. Each party shall bear his own proportion of the costs in the trial and appellate courts. The application for rehearing is denied.
REVERSED IN PART,
AFFIRMED IN PART.