CHIASSON, Judge.
Industrial Welding and Fabricating, Inc. and Employers Insurance of Wausau, defendants-appellants, appeal the trial court’s judgment awarding death benefits under the Workmen’s Compensation Act to Carmen Bennett, individually and as the Ad-ministratrix and Natural Tutrix of her minor child, Melissa Marie Bennett, plaintiff-appellee.
The tragedy which gave rise to this lawsuit occurred on the morning of January 26, 1979, when Tyrone Gay, a welder’s helper employed by Industrial Welding and Fabricating, Inc., brought a pistol onto the premises of his employer. There had been previous discussions between Mr. Gay and Jerry Bennett, a welder and co-worker of Mr. Gay, concerning the possibility of Mr. Bennett purchasing the gun from Mr. Gay. However, Mr. Gay explained to Mr. Bennett that the gun did not belong to him but was left with him as security for a loan he had made to a friend.
That afternoon, Jerry Bennett and Tyrone Gay were engaged in conversation in the shop. According to Tyrone’s testimony, the two men began discussing the game of Russian Roulette. Thereafter, Tyrone took the cartridges out of the gun, placed one bullet back in the cylinder, spun the chamber, pointed the gun at Mr. Bennett and “clicked it”. Apparently while this was taking place, Mitch Landry, Jr., both of the men’s supervisor, came into the shop and asked Mr. Bennett to weld a chair. According to Mr. Landry’s testimony, he did not notice anything unusual and began to leave the shop when he heard a click which caught his attention. As he turned around, he heard the gun discharge. Mr. Bennett was struck in the chest and subsequently died as a result of the gunshot wound.
Plaintiff-appellee, the widow of Jerry Bennett, instituted these proceedings alleging that Jerry Bennett’s legal dependents are entitled to claim the death benefits provided for under the Louisiana Workmen’s Compensation Act since her husband was shot with a pistol by Tyrone Gay, a co-worker, while in the employ of his employer and while performing services arising out of and incidental to the course of his employment on his employer’s premises in Baton Rouge. Defendants-appellants answered her suit alleging that Jerry Bennett’s dependents are precluded from compensation benefits under the provisions of La.R.S. 23:1081, since Jerry Bennett was killed while participating in an intentional game of Russian Roulette.
The trial court in awarding compensation to plaintiff-appellee held that the record did not support a finding that Mr. Bennett “made a full agreement to jeopardize himself” and that he “was not set upon a course of suicide or deliberate injury to himself.” Additionally, the trial court found the insurance company was not arbitrary and capricious in denying Mrs. Bennett’s compensation claim and consequently denied her claim for statutory penalties and attorney fees.
Defendants-appellants timely perfected the instant appeal and contend the trial court erred in finding that Jerry Bennett had not acted in an intentional manner; in finding that Jerry Bennett was in the course and scope of his employment at the time of the incident in question; and in finding that the death of Jerry Bennett arose out of his employment.
Plaintiff-appellee answered the appeal seeking statutory penalties and attorney fees allowed by the Louisiana Workmen’s Compensation Act which she avers the trial court erroneously failed to allow.
As all parties agree, the crux of the entire case is the question of Jerry Bennett’s conduct. Such a determination is a factual one made by the trial judge and can be reversed by an appellate court only upon a finding of manifest error. Crump v. Hartford Accident and Indemnity Compa *576 ny, 367 So.2d 300 (La.1979); Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La.1978).
Upon our review of the record as a whole, we find that the trial court’s conclusion, that Jerry Bennett was not engaged in a willful or intentional act which would exclude his dependents from compensation benefits under La.R.S. 23:1081, is amply supported by the record and is not clearly wrong. Crump, supra; Cadiere, supra.
Mitch Landry testified the “click” occurred just as he was turning away from a conversation with Mr. Bennett, and that he heard the “click” but heard no conversation between Mr. Gay and Mr. Bennett preceding the click or the gunshot. The record affirmatively shows there was no agreement as to who would go first in this odd method of conducting “Russian Roulette.”
Additionally, the trial court’s factual determination that Employers Insurance of Wausau was not arbitrary and capricious in denying Mrs. Bennett’s claim is clearly supported by the testimony of the Claims Supervisor for Employers Insurance of Wau-sau, and we find that such conclusion by the trial court is not clearly wrong. Stubbs v. Parish of East Baton Rouge, 343 So.2d 258 (La.App. 1st Cir. 1977), writ refused.
Accordingly, we affirm the trial court’s judgment at appellants’ costs.
AFFIRMED.