MILLS, Judge.
This is an appeal from a workers’ compensation order finding compensability and awarding payment of temporary total disability and medical benefits. We find the deputy commissioner erred as a matter of law in finding that Gailey re-entered the course of employment by intervening to “further the business reputation and interests of his employer,” and accordingly reverse.
Gailey was employed by the American Legion Post as a bartender in July of 1984. On 5 January 1985, Gailey worked the “day shift” from 9:30 a.m. to 6:30 p.m. After his shift, Gailey consumed one and one-half beers. At the end of each shift, each bartender at the Legion Post was allowed two complimentary drinks. In addition, Gailey consumed one and one-half drinks of Scotch.
At approximately 8:00 p.m., an argument broke out between customers which escalated to a fist fight outside the Legion Post. Accounts of the fight vary. Apparently, however, Gailey attempted to intervene and calm the patrons down when he was pushed, lost his balance and fell in loose gravel. This resulted in a fracture of Gailey’s tibia and an open wound.
On 20 November 1985, a hearing was held on Gailey’s claim for compensation at which time he testified the reason he went outside the Legion Post to break up the fight was because he wanted to protect the employer from having to deal with the police, possibly causing the Post to lose its liquor license. There is a conflict of testimony in the record as to how frequently fights occurred at the Legion Post. But it was established, through the testimony of other bartenders for the employer, that a rumor was circulating that the Post’s liquor license was in jeopardy. Gailey also candidly admitted that he was prompted to intervene in the altercation due to concern for his friends involved.
On 2 December 1985, a final order was entered finding Gailey’s injury to be com-pensable. In this regard, the deputy commissioner held, among other things, that even though Gailey had gone off duty 2½ hours before the fight, he temporarily reentered his employment by his intervention in the altercation “to further the business reputation and interests of his employer.”
In order to be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space and circumstances. Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla.1980). While we have been unable to locate any Florida cases similar to the one at bar, Professor Larson in his treatise provides some instruction:
On the other hand, it is quite possible for an employee whose employment has ended to remain at a place of employment such as a restaurant, taking on the status of customer or member of the public. ...
Moreover, when the employee for a substantial amount of time before leaving is engaged in an unmistakably personal pursuit, such as ... drinking, the inter *1323 lude is not within the course of employment.
Larson, Workers’ Compensation Law, Vol 1A, § 26.10 (1985).
Larson cites to Blade v. Mervis, 226 So.2d 552 (La.App.1969), in support of his statement. In Blade, the claimant remained on the employer’s premises for three hours, playing cards and drinking. He then became involved in an argument and was shot. Compensation was denied on the grounds that the claimant was not in the course of his employment, since he remained on the premises for an unreasonable period of time after completing his business. Emmel v. State Compensation Director, 150 W.Va. 277, 145 S.E.2d 29 (1965) was also cited. In Emmel, the claimant was injured after working hours while drinking free beer in a taproom maintained on the premises of his employer. Because employees were only supposed to remain in the taproom for one-half hour, compensation was denied.
The deputy commissioner’s novel approach of dispensing with the fact that Gailey had been off duty for 2½ hours when his accident occurred is not supported by any existing theory of workers’ compensation law. For example, it cannot be said Gailey was attempting a rescue in an emergency situation as his act in intervening in the fight was not designed to save life or property in which the employer had an interest. Moreover, we believe it would provide a bad precedent for this court to uphold the deputy’s conclusion that an off-duty bartender in the process of consuming alcohol as a patron, and who injects himself in a fight between drinking buddies, is within the course of his employment.
Based on the foregoing, we find the deputy commissioner erred as a matter of law in holding Gailey was in the course of his employment when his injury occurred. The fact that the attack took place at Gailey’s place of employment is not sufficient as a matter of law to show he was in the course of his employment at the time. Aloff v. Neff-Harmon, Inc., 463 So.2d 291 (Fla. 1st DCA 1985). Further, while Gailey was provided with two complimentary drinks by the employer, at the time of the fight he had finished those and was drinking as a paying customer for personal reasons.
In view of our disposition on this issue, we do not feel it is necessary to discuss the remaining points urged by the employer.
Reversed.
BOOTH, C.J., and WENTWORTH, J., concur.