hDAVID S. GORBATY, Judge.
In this appeal, plaintiffs contend that the workers’ compensation court erred in rejecting their claims. For the reasons set forth below, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY

On December 5, 2002, alleged employer Smith-Carlton, LLC, IV, d/b/a Extreme Nissan (“Extreme Nissan”), its insurance carrier, CNA Insurance Companies, and claimants, Andrea Spells and her minor children (“Appellants”), proceeded to trial on Appellants’ Disputed Claim for Compensation. Appellants sought workers’ compensation death and burial benefits from Extreme Nissan and CNA for the death of Aaron Spells, husband of Andrea *611 Spells and father of the appellant minor children.
Andrea Spells testified at trial that Aaron Spells was self-employed prior to his death. He was essentially a “jack of all trades” who owned a landscaping business and performed other work as well. Sometime shortly prior to August 7, 2001, Aaron Spells, who performed landscaping work for Extreme Nissan, overheard a telephone conversation of Jack Baham, who was at the time the sales manager of Extreme Nissan. Baham was discussing the need and cost to pick up a |?Jeep that a representative of Extreme Nissan had purchased at auction in Atlanta, Georgia. Once Mr. Baham completed the telephone call, Aaron offered to retrieve the vehicle for Extreme Nissan for a lesser amount. Extreme Nissan accepted, and provided Aaron with a vehicle to drive to Atlanta. While en route to Atlanta, on August 7, 2001, Mr. Spells lost control of the vehicle he was driving, left the roadway, and struck a tree. He was pronounced dead on the scene.
Camille Smith, comptroller for Extreme Nissan, testified that Aaron Spells was not on Extreme Nissan’s payroll; Extreme Nissan did not withhold income taxes from Aaron’s pay; and did not issue Aaron a W-2 form. Furthermore, Ms. Smith testified that Extreme Nissan did not maintain a personnel file on Aaron, nor was there any application on file for him. In addition, Aaron did not report to any supervisor at Extreme Nissan, nor was he issued an employee uniform.
On June 16, 2003, the workers’ compensation judge rendered judgment finding that Aaron Spells was not an employee of Extreme Nissan, but rather was an independent contractor not engaged in manual labor at the time of his death. The court stated, “Claimant held himself out as an independent contractor and acted as such during the trip that resulted in the fatal crash.” Appellants subsequently filed this appeal.

DISCUSSION

In their fifth assignment of error, Appellants aver that the workers’ compensation judge erred in finding that Aaron Spells was not entitled to benefits pursuant to the manual labor exception to the independent contractor rule contained in La. R.S. 23:1021(6).
Timberlake v. Avis Rent A Car System, 361 So.2d 934, La.App. 4 Cir.1978, involved a factual scenario similar to the one at hand. In that .case, Linda Timberlake agreed to drive one of Avis’ rental automobiles from Baton Rouge to New Orleans for a set price. The contract contained this language:
“It is agreed that this contract in no way constitutes Contractor as an agent, servant or employee of the Owner of said vehicle or of Avis Rent A Car System, Inc., any of its affiliates, agencies or Licensees.”
The trial judge found that there was an actual contract for a specific undertaking at a stated price and that defendant had no control over the plaintiff except as a result of the work, and concluded that plaintiff was an independent contractor. This court agreed with the factual findings, but disagreed with the conclusion, “believing the issue is controlled by the type of work done, that is, manual labor.” Id. at 934.
The Louisiana Workman’s Compensation Law defines “Independent Contractor” at La. R.S. 23:1021(6) as follows:
“Independent Contractor” means, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such *612 result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.”
In Timberlake, this court reasoned:
The pertinent issue here is whether Timberlake was engaged in manual labor in carrying out the terms of the contract: driving an automobile from Baton Rouge to New Orleans. Our Louisiana statute has been cited by Larson’s Workmen’s Compensation Law, § 49.21 page 9-33, as an example of the type of statutory law which declares that an independent contractor doing manual work is an employee for compensation purposes, citing Blade v. Mervis, 226 So.2d 552 (La.App.1969) and Guidry v. DeFelice Marine Contractors, Inc., 200 So.2d 329 (La.App.1967). Unfortunately the statute does not contain a definition of manual labor and the stipulation of fact does not go into plaintiffs obligations under the contract except that she was to drive an automobile from Baton Rouge to New Orleans. LRS 1:3 requires |4that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Without citing dictionary authorities, we believe it sound to say that the common usage of “manual labor” would encompass the driving of an automobile, wherein a person is physically required to regulate the direction, speed and control of the car by physical means. We refer to the case of Welch v. Newport Industries, Inc., 86 So.2d 704 (La.App.1956), wherein the court, in applying the term “manual labor” to the Workmen’s Compensation Law stated at page 707: “ * * * but the true legal meaning of the term “manual labor” is to denote work in which the physical element predominates over the mental, see 26 Words and Phrases, Verbo Manual Labor, p. 603. For purposes of determining compensation coverage, the distinguishing feature is whether the workingman participates physically himself, rather than so to speak aloofly directs in clean Sunday clothes.”
In summary, we conclude that driving an automobile is manual labor within the definition of LRS 23:1021(6), and the plaintiff is a statutorily defined employee engaged in manual labor and covered by the provisions of the Workmen’s Compensation Law.
Id. at 935-6.
Aaron Spells was hired to go to Atlanta and transport a car from Atlanta to New Orleans. Although the evidence supports the trial judge’s conclusion that Aaron was an independent contractor, Timberlake necessitates our finding that he was engaged in manual labor. As a result, appellants are entitled to workers’ compensation benefits pursuant to the manual labor exception contained in La. R.S. 23:1021(6). Therefore, pursuant to this court’s holding in Timberlake, we must reverse the finding of the workers’ compensation judge. We pretermit discussion of appellants’ first four assignments of error, as they are mooted by this ruling.
Appellants next argue that the workers’ compensation judge erred in failing to award them maximum death benefits and funeral expenses.
In At trial, Andrea Spells testified that she received a $200.00 check from Extreme Nissan after Aaron’s death. She stated that Jack Baham informed her that the check was payment for retrieving the *613 vehicle from Atlanta. Jack Baham testified the auction wanted $450.00 to $600.00 to transport the vehicle to New Orleans from Atlanta. After overhearing the conversation Mr. Baham had with auction representatives, Aaron Spells offered to transport the vehicle for “about half of that.”
Appellant Aaron Spells, Jr., the minor son of Aaron Spells, testified he overheard Mr. Baham offer his father $200.00 to retrieve the vehicle if he flew to Atlanta, and $2,000.00 if he drove. However, on cross-examination, he did not know the difference between $200.00 and $2,000.00. It should be noted that Aaron Spells, Jr. was only eight years old when he heard his father and Mr. Baham discuss retrieving the vehicle from Atlanta.
We find that the workers’ compensation benefits should be based upon payment of $200.00 to pick up and return a vehicle from Atlanta. Given the distance to be traveled, such work would have been accomplished in approximately two days. Assuming Aaron Spells would have worked two days for Extreme Nissan, with payment of $200.00, his average weekly wage would be at most $100.00. As sixty-five percent of $100.00 is less than the statutory minimum compensation rate in effect at the time, the corresponding weekly death benefit would be $104.00, the statutory minimum.
The parties stipulated that Aaron Spells’s funeral bill exceeded the $5,000.00 maximum allowed by La. R.S. 23.T210. Thus, the maximum allowable amount should be awarded, $5,000.00.
| (¡Finally, appellants contend that the workers’ compensation judge erred in failing to award them multiple penalties and attorneys’ fees under La. R.S. 23:1201. Penalties and attorneys’ fees are due for failure to timely pay a claim, unless the claim “is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” La. R.S. 23:1201(F)(2). An employer is not subject to statutory penalties and attorneys’ fees if it had a “reasonable basis” to object to the payment of benefits. Angulo v. ATH Painters and Construction, Inc., 1998-2363, p. 4 (La.App. 4 Cir. 5/5/99), 733 So.2d 1222, 1227, citing Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349. The fact that an employer refuses to pay workers’ compensation benefits when it denies liability does not warrant the imposition of penalties and attorneys’ fees, even if the facts adduced at trial show that the employer was liable. Id.
We believe reasonable cause existed for nonpayment. We note especially the fact that there was a serious dispute between the parties as to the application of the law regarding independent contractors. We further note that the trial judge denied appellants benefits and dismissed their suit on the basis that Aaron Spells was an independent contractor. Under these circumstances we cannot say that the failure to pay is “arbitrary, capricious, or without probable cause.” As such, we find that the trial judge did not err in refusing to award penalties and attorneys’ fees.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the workers’ compensation court is affirmed in part, reversed in part, and rendered.

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.