# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-866

REBECCA REED

VERSUS

LCS CORRECTIONS
SERVICES, LLC

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
PARISH OF LAFAYETTE, NO. 09-01849
HONORABLE SHARON M. MORROW,
WORKERS' COMPENSATION JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

H. Douglas Hunter, Attorney at Law
P.O. Drawer 1329
Opelousas, LA 70571
Counsel for Plaintiff/Appellant:
    Rebecca Reed

Jeffrey Warrens, Attorney at Law
P.O. Box 98001
Baton Rouge, LA 70898
Counsel for Defendant/Appellee:
    LCS Corrections Services, LLC

**PAINTER, Judge.**

The Workers' Compensation Judge (WCJ) found that the decedent, Solomon Reed, did not fall within the manual labor exception to the independent contractor rule found in La.R.S. 23:1201(7). Thus, Plaintiff, Rebecca Reed, appeals the judgment of the WCJ granting the motion for summary judgment filed by Defendant, LCS Corrections Services, LLC (LCS), on this issue and denying her cross motion on the same issue. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Solomon Reed was an airplane pilot. LCS provides consulting services to privately run correctional facilities in Louisiana and other states. LCS leases a corporate plane to transport its executives. Mr. Reed was often the pilot of the plane leased by LCS. Mr. Reed billed LCS a flat hourly rate for his services as a pilot. He was paid by LCS and issued a 1099 at the end of the year. Mr. Reed had other clients to whom he provided his services a pilot. Mr. Reed was also employed by Our Lady of Lourdes as a respiratory therapist.

Mr. Reed perished in a plane crash occurring on March 10, 2008, while piloting the plane that was transporting Pat LeBlanc, then the president of LCS, and Michael LeBlanc, the CEO and Director of Marketing of LCS, for business purposes. Michael LeBlanc was not involved in the plane crash, as he was taken to Baton Rouge, Louisiana, from Jackson, Mississippi, and the crash occurred on the trip from Baton Rouge to Lafayette. The plane was owned by Mark Hampton.

Mr. Reed's widow filed a workers' compensation death benefit claim against LCS. All parties agree that Mr. Reed was an independent contractor. Mrs. Reed submitted a statement of uncontested facts wherein she stated that Mr. Reed was an independent contractor working as a commercial pilot. Thus, LCS asserts that Mrs. Reed is prevented from seeking benefits under the Louisiana Workers' Compensation Act. Mrs. Reed, on the other hand, contends that the manual labor exception to the independent contractor rule applies. Both parties filed motions for summary judgment on the issue of whether the manual labor exception applied. The WCJ

1

found that Mr. Reed's work tasks did not constitute manual labor, granted LCS' motion for summary judgment, denied Mrs. Reed's motion for summary judgment, and dismissed her claim with prejudice. Mrs. Reed now appeals.

## DISCUSSION

We review this matter de novo. *Supreme Serv. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La.5/22/07), 958 So.2d 634.

The term "independent contractor" is defined by La.R.S. 23:1021(7) (emphasis added) as:

> [A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. **The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter**.

Mrs. Reed herself presents the only issue for review as "[w]hether a substantial part of Mr. Reed's work time as a pilot for LCS was spent in manual labor carrying out the terms of his contract with LCS such that he was covered by the Act." She would have us analogize her husband's situation to that of the driver of a vehicle who is "physically required to regulate the direction, speed and control of the car by physical means." *See Timberlake v. Avis Rent A Car System, Inc.*, 361 So.2d 934, 935 (La.App. 4 Cir. 1978). In *Timberlake*, the Fourth Circuit found that driving an automobile was manual labor such that the injured party, a person who contracted with Avis to drive a car from one location to another, was covered by the Act. Mrs. Reed also argues that *Spells v. Extreme Nissan*, 03-2179 (La.App. 4 Cir. 9/1/04), 884 So.2d 609, *writs denied*, 04-2660 and 04-2718 (La. 1/7/05), 891 So.2d 682, 683, which deals with a person who died while driving a vehicle for an auto dealership, stands for the proposition that driving a vehicle constitutes manual labor. Mrs. Reed argues that all of the physically engaging aspects of driving a vehicle are present

2

when piloting a plane, that planes have many more physically engaging aspects, and that pilots are also physically engaged before the engine is ever turned on in that they must perform a pre-flight inspection of the plane.

LCS, on the other hand, argues that the manual labor exception does not apply because Mr. Reed did not spend a substantial part of his work time performing manual labor. LCS alleges that Mr. Reed had no responsibility for the unloading or loading of any passengers or luggage and that he did not fuel or maintain the plane in any manner. According to LCS, Mr. Reed's only obligation was the operation of the plane. Most importantly, LCS points out that the *Timberlake* and *Spells* decisions have been legislatively overruled by the 2004 amendment (which became effective June 10, 2004) to La.R.S. 12:1021(7) which added the language stating that the operation of a truck tractor or truck tractor trailer is not manual labor.

We agree that the cases cited by Mrs. Reed have been abrogated by statute. Furthermore, this court has not recognized that the physical act of driving in and of itself constitutes manual labor. For example, in *Whitlow v. The Shreveport Times*, 02-1215, pp. 6-7 (La.App. 3 Cir. 4/23/03), 843 So.2d 665, 670, *writ denied*, 03-1406 (La. 9/19/03), 853 So.2d 647, this court stated:

> Manual labor in this context "denote[s] work in which the physical element predominates over the mental," a definition articulated in *Welch v. Newport Industries*, 86 So.2d 704, 707 (La.App. 1 Cir.1956), and adopted by *Riles v. Truitt Jones Construction*, 94-1224 (La.1/17/95), 648 So.2d 1296. As the WCJ pointed out in reasons for judgment, Ms. Whitlow admitted that she did a significant amount of driving to deliver the newspapers to her customers. However, we must rely on our finding in *Guillory v. Overland Express Co.*, 01-419, p. 6 (La.App. 3 Cir. 10/3/01); 796 So.2d 887, 891, wherein we found the following:
>
>> To fall within the manual labor exception, however, as provided for in La.R.S. 23:1021(6), the plaintiff must show not only that he engaged in manual labor, but that a "substantial part" of his work time was spent in manual labor. We do not find the physical act of actually driving the truck in itself is "manual labor" as defined by law. We must, therefore, look to the other tasks the plaintiff performed in accomplishing his job.

We, like Mrs. Reed, have found no cases involving a pilot. While we might agree with Mrs. Reed that a pilot's services are analogous to that of a truck driver or

3

the driver of a motor vehicle, we are statutorily precluded from reaching the conclusion that driving a vehicle constitutes manual labor as asserted by Mrs. Reed. As the WCJ noted, "under the facts as presented by the exhibits, there was a very minimal physical component to the job." There is no evidence that other than conducting a pre-flight inspection, which by analogy to the truck driving situation, is statutorily excluded from the manual labor exception, Mr. Reed was required to do any manual labor in the provision of his services as a pilot. Therefore, we find that the WCJ's grant of LCS' motion for summary judgment and denial of Mrs. Reed's cross motion for summary judgment were well founded. Based on the undisputed evidence and our interpretation of the statute, we find that the trial court did not err in granting the motion for summary judgment and in dismissing Mrs. Reed's disputed claim for benefits. Accordingly, Mrs. Reed is not entitled to collect worker's compensation benefits from LCS.

### DECREE

For all of the foregoing reasons, we affirm both the grant of summary judgment in favor of LCS and the denial of Mrs. Reed's motion for summary judgment. Costs of this appeal are assessed to Plaintiff/Appellant, Rebecca Reed.

**AFFIRMED.**

4