136 So.2d 67 (1962)
Joseph MELANCON
v.
Hugo KELLER et al.
No. 212.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
Graham & Graham, Louis B. Graham. New Orleans, for defendants-appellants.
Jorda S. Derbes, New Orleans, for plaintiff-appellee.
Before McBRIDE, YARRUT and JOHNSON, JJ.
JOHNSON, Judge.
Plaintiff brought suit for workmen's compensation against Hugo Keller, individually, Grace Keller Gentilly, Inc., and Keller Chemical, Inc. There was judgment awarding compensation for total and permanent disability against Hugo Keller and Keller Chemical, Inc. Plaintiff's action against Grace Keller Gentilly, Inc. was dismissed by the trial judge, and the plaintiff has not appealed from that judgment of dismissal. Hugo Keller and Keller Chemical, Inc. brought this appeal from the judgment against them.
*68 Plaintiff fell, breaking his right leg and ankle while painting a residence, and there is no dispute as to his disability. The sole issue is to determine who, if anybody, is liable in workmen's compensation for his injury.
Appellants contended on oral argument before this court that plaintiff was an independent contractor and, as such, was not included in the provisions of the Louisiana Workmen's Compensation Law. This contention is untenable. Assuming he is an independent contractor, he is entitled to workmen's compensation benefits, for the reason he was performing the job by his own manual labor. LSA-R.S. 23:1021(6) states:
"(6) `Independent Contractor' means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter."
This provision was interpreted in Welch v. Newport Industries, La.App., 86 So.2d 704, 707 (certiorari denied) to hold that for purposes of determining compensation coverage for an independent contractor "the distinguishing feature is whether the workingman participated physically himself * * *" and further that "the true legal meaning of the term `manual labor' is to denote work in which the physical element predominates over the mental * * *." Also see Rashall v. Fallin & Savage Timber Company, La.App., 127 So.2d 238.
Plaintiff's work was entirely physical in nature. His livelihood was interior and exterior painting, he did all the work himself. Accordingly, he is eligible for Workmen's Compensation, whether as an independent contractor or as an employee.
The determination as to who is liable for plaintiff's injury is a question of fact.
Plaintiff brought this suit primarily against Hugo Keller, alleging that he was employed by Keller as a house painter at the wage of $2.00 per hour, or $80.00 per week. He further alleged that, although he was hired and paid by Keller, since his injury he has been informed that Keller, as an officer in two corporations, Grace Keller Gentilly, Inc., and Keller Chemical, Inc., was representing the corporations. Plaintiff, therefore, impleaded the corporations as co-defendants.
The defendants deny in their joint answer that the plaintiff was employed by Hugo Keller, individually, or as an officer of Grace Keller Gentilly, Inc., but that he was employed by Keller on behalf of Keller Chemical, Inc. The answer further alleges that Keller Chemical, Inc., "is in the sole business of manufacturing and selling paint at retail."
The parties agree in their testimony that Hugo Keller contacted the plaintiff and went with him to the home of Emile Steffan in order to have the plaintiff give Keller the amount for which the plaintiff would paint that house; that after some bargaining they agreed on the price of $130.00 for the labor, with the plaintiff using his own brushes, ladders and any other necessary equipment. Also that plaintiff had painted other jobs for Keller previously under similar arrangements; that Keller had always paid the plaintiff in cash; that Keller had never represented himself as acting on behalf of any corporation; that Keller had never made any deductions for social security or income taxes; that on this job the plaintiff fell from the roof about the fourth day after starting this job, breaking his leg and ankle, and that while plaintiff was in the hospital *69 Keller paid the plaintiff fifty dollars in cash as a credit on the $130.00 price.
In accordance with the allegation in the answer, Keller testified that neither corporation was in the contracting business. Therefore, it is inconsistent for Keller now to say that he was acting for defendant Keller Chemical, Inc., when he gave the job to paint that house to plaintiff. At the end of Keller's testimony the Court asked him these questions and he answered as follows:
"Q. * * * you hired him brought him over to Steffan's place, didn't you? A. That's right.
"Q. All right, then, Melancon made the contract with you to paint the place? A. Yes, sir."
Keller does not contend anywhere that in making the deal to have Steffan's house painted or on any of the previous jobs which plaintiff had performed for him under similar circumstances that he ever informed the plaintiff or that plaintiff had any knowledge or intimation from any source that Keller was acting for a corporation. Keller stood to make fifty dollars, because he had agreed with Steffan to have his house painted for $180.00 for the labor. Keller does not contend that the $180.00 belonged to the corporation or that any profit flowing from this or any of the previous similar jobs which the plaintiff performed went to the corporation.
Keller testified that he had these two corporations which he and his family owned. The Keller Chemical, Inc., manufactured and sold paint at retail at its factory located on Tulane Avenue. Grace Keller Gentilly, Inc., was strictly a retail outlet for the paint on Gentilly Avenue, which store is now out of business.
The conclusion is inescapable that Keller was acting individually in this transaction with plaintiff and that he is personally liable herein. If a party would relieve himself from responsibility in such an engagement on the ground that he was acting for an undisclosed principal, he must prove that at the time of making the contract he communicated the fact of his agency. It is entirely clear that Keller did not do that. De-Rouen v. Aiavolasiti, La.App., 121 So.2d 851.
It it not necessary to define the nature of plaintiff's relationship. It makes no difference whether this plaintiff was engaged as an independent contractor or as an employee. The evidence shows that plaintiff was employed to paint the house as a one man job. He was doing all the work himself and the work was not "other than manual labor." Therefore, he is entitled to recover.
The lower court rendered judgment against Hugo Keller and Keller Chemical, Inc. The evidence is not sufficient to hold the corporation liable.
The judgment against Keller Chemical, Inc., is reversed and there is judgment herein in favor of Keller Chemical, Inc., dismissing plaintiff's suit as to that defendant.
The judgment in all other respects is affirmed, with all costs to be paid by Hugo Keller.
Reversed in part; affirmed in part