BOLIN, Judge.
Plaintiff, an independent contractor spending a substantial part of his time performing manual labor for defendant bank, sues defendant and its insurer in tort for injuries he received when he slipped and fell in a shallow pool of water on defendant’s premises. The trial court found plaintiff’s exclusive remedy was under the Workmen’s Compensation Act but, if not, plaintiff’s contributory negligence barred his recovery in tort. In finding the bank to be a statutory employer of plaintiff, the lower court considered it necessary to find that the work being performed by the independent contractor was an integral part of the bank’s business. Plaintiff appeals, agreeing with the law applied by the lower court, but he contends the bank did not prove plaintiff’s business was an integral part of the bank’s business. We agree plaintiff’s exclusive remedy is under the Workmen’s Compensation Act, but for reasons different from those expressed by the trial judge.
The primary issue is whether or not plaintiff may be classified as an employee of his principal under the Workmen’s Compensation Act without a showing that the work of the contractor was an integral part of the principal’s business.
Relevant to this decision are:
R.S. 23:1021(6) [now 1021(5)]
“Independent Contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless *480 a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. (Emphasis added)
R.S. 23:1061
Where any person (in .this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; . . .. (Emphasis added)
Plaintiff owned and operated a service station and in connection with this operation he reconditioned repossessed automobiles. Plaintiff contracted with the bank to recondition certain cars which the bank had repossessed so the bank could more easily retail these automobiles. Plaintiff was returning to his car after delivering a reconditioned car to the bank when he slipped in a pool of water and sustained the injuries made the basis of this suit. If plaintiff be considered as an employee of the bank, he clearly was performing a service arising out of and incidental to his employment in the course of his employer’s general business at the time of his injury. (R.S. 23:1035)
Since it is admitted that plaintiff spent a substantial part of his time performing manual labor, he must be treated as an employee of the bank under the clear language of R.S. 23:1021(6).
A finding that plaintiff was performing work which was an integral part of the bank’s business is only required if the claimant is an employee of an independent contractor. R.S. 23:1061; Leger v. Amerada Hess Corporation, 479 F.2d 1250 (5 Cir. 1973); Foster v. Western Electric Co., 258 So.2d 153 (La.App. 2nd Cir., 1972); Sam v. Deville Gin, Inc., 143 So.2d 838 (La.App. 3rd Cir., 1960); Malone, Workmen’s Compensation, The Work of the Louisiana Appellate Courts for the 1962-1963 Term, 24 La.L. Rev. 244.
Since plaintiff’s remedy is exclusively in workmen’s compensation (R.S. 23:1032), it is unnecessary for us to determine if the lower court was correct in finding him contributorily negligent in his tort action.
The judgment is affirmed at appellant’s cost.