648 So.2d 1296 (1995)
Bobby Raymond RILES
v.
TRUITT JONES CONSTRUCTION and Louisiana Home Builders Self Insurance Fund.
No. 94-C-1224.
Supreme Court of Louisiana.
January 17, 1995.
*1297 Michael L. Hebert, Baton Rouge, for applicant.
James A. Jordan, Baton Rouge, for respondent.
WATSON, Justice.[1]
The plaintiff seeks review of the determination by the Office of Worker's Compensation Administration and the Court of Appeal that his work as a cabinet-maker is not manual labor in the context of the Louisiana Worker's Compensation Act. LSA-R.S. 23:1021 et seq.

FACTS
Bobby Raymond Riles was the sole proprietor of a business known as Parish Cabinets. Mr. Riles was physically involved in the day-to-day labor of Parish Cabinets. He was primarily assisted by his wife, Cheryl, and his son, Bobby Harold Riles. The Rileses would receive orders for cabinets either from a general contractor or a home owner. They would measure the space, build the cabinets in their work shop, and then transport and install the cabinets at the designated location.
Truitt Jones Construction Company was one of the contractors for whom Parish Cabinets built cabinets. Parish Cabinets entered into a contract with Truitt Jones Construction Company to construct and install cabinets in the Steven Boudreaux home. Mr. Riles did not hire any employees to assist in the construction of the cabinets; rather, Mr. Riles, with the assistance of his wife and son, actually built the cabinets. On June 15, 1991, Mr. Riles and his son began the three day process of installing the cabinets.
On June 17, 1991, while attempting to complete the installation of the cabinets in the Boudreaux home, Mr. Riles fell from a bench as he was adjusting the doors of a cabinet. After falling to the floor, Mr. Riles noticed injuries to his left leg and foot. Because Parish Cabinets did not have worker's compensation insurance, Mr. Riles attempted to claim coverage under Truitt Jones Construction Company's policy. Mr. Riles alleged that he suffered injuries to his right thumb, left foot, both legs, and his back.
On February 11, 1992, Mr. Riles filed a disputed claim for compensation against Truitt Jones Construction Company and Executive Risk Consultants, Inc. Executive Risk was the third party administrator of the Louisiana Home Builders Self Insured Fund, the self-insured fund of which Truitt-Jones was a member. Louisiana Home Builders Self Insured Fund was later substituted in Executive Risk's place as the proper defendant.
*1298 A bifurcated hearing was held to determine liability on September 22, 1992. The hearing officer held that Mr. Riles was an independent contractor. As an independent contractor, Mr. Riles was excluded from Louisiana Worker's Compensation Act coverage. Furthermore, the hearing officer classified cabinet-making as a skilled profession. Thus, Mr. Riles did not fit within the "manual labor exception" to the independent contractor exclusion. Accordingly, Mr. Riles was denied coverage under the Louisiana Worker's Compensation Act. The First Circuit Court of Appeal affirmed. Riles v. Truitt Jones Construction, 93-1149 (La.App. 1 Cir. 4/8/94), 637 So.2d 181. The court agreed that Mr. Riles was an independent contractor. The court held the term "manual labor" denoted work where the physical element predominated over the mental element. The court then determined that cabinet-making was a mental craft requiring skill and precision; consequently, it did not fit within the definition of "manual labor". This Court granted certiorari to determine whether skilled labor is excluded from the definition of manual labor. Riles v. Truitt Jones Construction, 94-1224 (La. 9/23/94), 642 So.2d 1302.

LAW AND DISCUSSION
Employees in Louisiana are assured protection from work related injuries through the Louisiana Worker's Compensation Act. LSA-R.S. 23:1021 et seq. Generally, independent contractors are excluded from coverage. LSA-R.S. 23:1021(6). However, this statute creates a coverage exception for those independent contractors who spend a substantial part of their worktime in manual labor:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. LSA-R.S. 23:1021(6).
The first issue for consideration is whether Mr. Riles falls within the definition of independent contractor as set forth in LSA-R.S. 23:1021(6). Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), defines an independent contractor as one who has contracted for:
... a specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer ... It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Hickman, 262 So.2d at 390-391.
Mr. Riles contracted with Truitt Jones for the manufacture and installation of the cabinets for a lump sum payment. Mr. Riles, with the assistance of his wife and son, built the cabinets in his own shop using his own tools and methods. The duration of the relationship between Mr. Riles and Truitt Jones was for the duration of the project. Mr. Riles was correctly classified as an independent contractor.
The critical issue is whether Mr. Riles is a manual laborer. If he is a manual laborer, he falls within the exception to the independent contractor exclusion and is entitled to worker's compensation coverage.
The second issue to be addressed is the definition of manual labor. This Court has never defined "manual labor". The appellate courts have addressed this subject on many occasions, and they have consistently held that the test for defining "manual labor" is work where the physical element predominates over the mental element. In one of the earlier cases on this subject, Welch v. Newport Industries, 86 So.2d 704, 707 (La.App. 1 Cir.1956), Judge Tate eloquently characterized manual labor:

*1299 ... but the true legal meaning of the term `manual labor' is to denote work in which the physical element predominates over the mental, see 26 Words and Phrases, Verbo Manual Labor, p. 603. For purposes of determining [workman's] compensation coverage, the distinguishing feature is whether the workingman participates physically himself, rather thanso to speakaloofly directs in clean Sunday clothes.
In discussing the physical element, the court focused on the fact that the plaintiff actually worked with his hands in performing his job. Welch, 86 So.2d at 707. This balancing test of the physical element over the mental element has been adhered to in other circuits. See Rush v. Employers Nat. Ins. Co., 598 So.2d 603, 607-608 (La.App. 4 Cir.), writ denied, 605 So.2d 1364 (La.1992); Poirrier v. Cajun Insulation, Inc., 459 So.2d 737, 740 (La.App. 4 Cir.1984); Timberlake v. Avis Rent A Car System, 361 So.2d 934, 935 (La. App. 4 Cir.1978); Sam v. Deville Gin, 143 So.2d 838, 841 (La.App. 3 Cir.1962); Melancon v. Keller, 136 So.2d 67, 68 (La.App. 4 Cir.1962); and Rashall v. Fallin & Savage Timber Company, 127 So.2d 238, 240 (La. App. 3 Cir.1961).
Here, the court of appeal cited Timberlake v. Avis Rent A Car System and stated that: "[t]he true legal meaning of the term `manual labor' is to denote work wherein the physical element predominates over the mental." However, the court then looked to the skill and precision of cabinet-making and held that it was a craft where the mental element predominated over the physical. Thus, the court of appeal held that cabinet-making was not manual labor.
The court of appeal's use of a skill test was incorrect. This inquiry was used in determining the status of a statutory employee under LSA-R.S. 23:1061 before it was amended in 1989. A worker who was classified as an independent contractor could still receive coverage under the worker's compensation statute if he or she was determined to be a statutory employee. This determination of the employee's status involved a three-part analysis, with the central portion of the analysis being whether the contract work was specialized or non-specialized. Berry v. Holston Well Service, Inc., 488 So.2d 934, 937-938 (La.1986). In determining whether the work was specialized the courts were to "consider whether the contract work requires a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contract field." Berry, 488 So.2d at 938. If the work was determined to be specialized, then the worker was not a statutory employee; and he or she would not be subject to the worker's compensation statute. However, the issue here is not whether Mr. Riles was a statutory employee.
Mr. Riles is an independent contractor, and LSA-R.S. 23:1021(6) specifically provides coverage for an independent contractor who spends a substantial amount of manual labor time in carrying out the terms of the contract. Accordingly, the court of appeal erred in not using the test for manual labor established in Louisiana's jurisprudence.
Even those jobs requiring skill fit within the definition of manual labor. A person hired to transport a car from Baton Rouge to New Orleans was performing manual labor. Timberlake v. Avis Rent A Car System, 361 So.2d at 935. A mechanic who reconditioned cars was a manual laborer. Ludlow v. American Bank & Trust Co., 339 So.2d 478 (La. App. 2 Cir.1976). The work done by an experienced and accomplished carpenter was manual labor. Manuel v. Jennings Lumber Company, 248 So.2d 908 (La.App. 3 Cir.), application denied, 259 La. 757, 252 So.2d 454 (La.1971). A skilled welder was involved in manual labor. Vizena v. Travelers Insurance Company, 238 So.2d 238 (La.App. 3 Cir.), writ refused, 256 La. 885, 239 So.2d 542 (La.1970). A substantial part of a "siding mechanic" supervisor's time was spent in manual labor because he "assisted in preparing the walls, loading and unloading his truck, climbing, moving scaffolding, and generally installing the siding." Blade v. Mervis, 226 So.2d 552, 554 (La.App. 4 Cir.), writ refused, 254 La. 1100, 229 So.2d 113 (La. 1969), An "expert in the design, installation, and repair of air control equipment on vessels" was a manual laborer. Guidry v. De Felice Marine Contractors, Inc., 200 So.2d *1300 329, 330 (La.App. 4 Cir.), writ refused, 251 La. 33, 202 So.2d 652 (La.1967). Since a house painter's work was "entirely physical in nature", an experienced residential painter fit within the manual labor exception. Melancon v. Keller, 136 So.2d at 68. Supervisors are sometimes included among those performing manual labor because "supervisory duties" and "manual duties" are not necessarily contradictory terms in determining compensation coverage. Welch v. Newport Industries, 86 So.2d at 707.
Skill affects the quality of any work, and it is acquired through experience and innate ability. Skill can be a function of both physical labor and mental work. Accordingly, a person should not be precluded from receiving worker's compensation coverage solely because his physical effort is skilled and therefore superior to the effort of other workers.
Mr. Riles personally built and installed the cabinets. His only assistants were his wife and son. At the end of the day, it was his hands which were dirty and his back which was sore from the work which he performed. It is the hands-on feature of labor combined with the strenuous quality of the work which determines whether a task is manual or not. Although Mr. Riles' task required skill, his work was still manual. The court of appeal erred in finding that cabinet-making was a skilled profession which did not fall within the manual labor exception to the independent contractor definition of LSA-R.S. 23:1021(6).
The jurisprudence has uniformly defined "manual labor" as work where the "physical" element predominated over the "mental" element. This is the correct interpretation of the term "manual labor" in LSA-R.S. 23:1021(6).
The final issue to be addressed concerns the "substantial part" requirement of LSA-R.S. 23:1021(6). This term has been liberally construed, and it is not a mathematical formulation. The first case to interpret "substantial part" in the context of LSA-R.S. 23:1021(6) was Welch v. Newport Industries. In that case Judge Tate referred to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and the surrounding federal jurisprudence, in holding that:
While in some legal senses "substantial" indeed has the signification of the larger part, such as in "substantial compliance", legally the words "substantial part" also are used not as a term of mathematical precision, but also so as to mean the converse of insubstantial or immaterial.
Welch, 86 So.2d at 707.
The Welch test for "substantial part" has been followed by other circuits. Sam v. Deville Gin, 143 So.2d at 841, held: "`substantial' is not a phrase of mathematical precision, may be less than 50%, and is simply the contrary of `insubstantial or immaterial'". See also: Rashall v. Fallin & Savage Timber Company, 127 So.2d at 240; Vizena v. Travelers Insurance Company, 238 So.2d at 241; Carney v. Liberty Mutual Insurance Company, 277 So.2d 175, 179 (La.App. 3 Cir. 1973); Flint v. Rockwood Ins. Co., 455 So.2d 1251, 1254 (La.App. 4 Cir.1984). Mr. Riles spent considerable time and effort in constructing custom cabinets for Mr. Boudreaux's home. Additionally, he spent three days transporting and installing these cabinets. Both the construction and the installation of the cabinets entailed the expenditure of manual labor at a level greater than "insubstantial or immaterial". Mr. Riles spent a substantial part of his time in manual labor.

CONCLUSION
Manual labor is that work characterized by the physical element predominating over the mental element. Mr. Riles, a cabinet-maker, is an independent contractor who spent a substantial amount of his time in manual labor. As such, he is included within the protective provisions of LSA-R.S. 23:1021(6). Accordingly, he is entitled to worker's compensation benefits.
For the foregoing reasons, the judgment of the hearing officer and the court of appeal are reversed and the case is remanded to the hearing officer for an award of worker's compensation benefits.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
*1301 KIMBALL, J., dissents and assigns reasons.
KIMBALL, Justice, dissenting.
The test adopted by the majority to determine whether an independent contractor's work constitutes manual laborwhether the physical element of the work predominates over the mental elementis not properly suited to cases involving skilled craftsman. This test was first enunciated in Welch v. Newport Industries, 86 So.2d 704 (La.App. 1st Cir.1956), a case dealing with the issue of whether an independent contractor was engaged in supervisory duties or manual labor. In situations when the court must decide between two such alternatives, the physical/mental balancing test works well and should continue to be used. However, where the physical work itself involves a high degree of mental or artistic skill such that the physical aspect of the work cannot truly be removed from the mental aspect of the work, the physical/mental balancing test simply does not work.
When dealing with a skilled craftsman such as a cabinet-maker, the physical and mental aspects of the work are so intertwined that they cannot be easily separated and measured. In my view, in such a situation the manual labor exception should not apply. It seems unlikely that the legislature, in creating the manual labor exception intended to include skilled craftsman or artists merely because they work with their hands. It seems most tenuous to suggest that an artist would be considered a manual laborer. Should a cabinet-maker fall under the manual labor exception merely because his brushes (tools) and canvas (cabinets) are heavier than that of an artist? The answer seems clearly to be no.
The manual labor exception for independent contractors was created in 1948[1] because the distinction between employee and independent contractor had become so tenuous that the jurisprudence was in a state of confusion and injustices were apparent due to the difficulties in classifying a manual laborer as either an independent contractor or an employee. Malone & Johnson, 13 Louisiana Civil Law Treatise, §§ 74, 78 (1994). The 1948 amendment to Louisiana Revised Statutes 23:1021(6) was added to ensure that all manual workers were treated the same, regardless of whether they were considered technically as independent contractors or employees. Id. The purpose of the manual labor exception belies the majority's failure to consider the skill and artistic ability of a craftsman when interpreting the manual labor exception. The manual labor exception was meant to apply to those workers who were not easily identifiable as independent contractors or employees, and to treat them all the same to avoid injustice. The problems that give rise to the difficulty in classifying a manual worker as an employee or independent contractor, such as who controls the work, are not generally present when considering a skilled craftsman. One contracts with a skilled craftsman precisely for the very reason that he or she has a special skill in doing a job that one would not want to control. In my view such craftsman were not intended to fall under the manual labor exception.
The majority suggests that due to the 1989 amendment to Louisiana Revised Statutes 23:1061, which made it irrelevant whether work is specialized or not for purposes of determining whether one is a statutory employee, the skill and precision of the work should not be considered in determining whether an independent contractor falls under the manual labor exception of 23:1021(6). I believe that this is an incorrect conclusion.
The initial inquiry to be made is whether one is an employee or an independent contractor. If one is an employee, he or she is covered by the Act by that fact alone. If one is an independent contractor, he or she is covered by the Act only if a substantial portion of the work is manual labor. However, 23:1061 addresses the question of whether, once determined to be an independent contractor, that independent contractor's employees are considered statutory employees of the principal.
The purposes of 23:1021(6) and 23:1061 are different. The purpose of creating the manual *1302 labor exception, as stated above, was due to the confusion and difficulty in determining whether one was an employee or independent contractor and was enacted so that all manual laborers would get coverage whether they were held to be an employee or an independent contractor. On the other hand, the purpose of 23:1061 is to prevent a principal from farming out work it normally would have done, thereby relieving it of providing compensation coverage. Malone & Johnson, supra, § 78, at 154-55. In such a situation, an evil arises if the independent contractor is not financially sound and becomes insolvent, thus leaving its employees without compensation coverage. Louisiana Revised Statutes 23:1061 remedies such situations by holding the principal liable to the contractor's employees for compensation coverage. The two statutes address different concerns and deal with different issues. The 1989 amendment to 23:1061 cannot logically be said to have affected the definition of "manual labor" under 23:1021(6).
Because the physical element of Mr. Riles' cabinet-making work is so intertwined with the mental and artistic elements that they cannot be easily separated and measured, I believe he is a skilled craftsman and not a manual laborer such that the manual labor exception of Louisiana Revised Statutes 23:1021(6) does not apply to him. I therefore dissent.
NOTES
[1] Judge William Norris, III, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice Pike Hall, Jr.

Johnson, J., not on panel. Rule IV, § 3.
[1] 1948 La.Acts No. 179.