STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-440

GEORGE MCGREW

VERSUS

QUALITY CARRIERS, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 10-4173
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Genovese, J., concurs in the result.

Joseph J. Bailey
Provosty, Sadler, deLaunay, Fiorenza & Sobel
P. O. Drawer 1791
Alexandria, LA 71309-1791
(318) 445-3631
Counsel for Plaintiff/Appellant:
George McGrew

**Scott T. Winstead**
**Sutterfield & Webb, LLC**
**650 Poydras St., Suite 2715**
**New Orleans, LA 70130**
**(504) 598-2715**
**Counsel for Defendant/Appellee:**
**Quality Carriers, Inc.**

**SAUNDERS, Judge.**

This is a workers' compensation case where a truck driver performed work for a carrier service. The primary issue presented to the court is whether a truck driver could carry his burden to prove at trial that he fits into the manual labor exception to the general rule that independent contractors are not entitled to workers' compensation benefits per La.R.S. 23:1021(7). The hearing officer granted the carrier service's motion for summary judgment. We reverse, finding that one could reasonably infer from the evidence that the truck driver could carry his burden at trial.

**FACTS AND PROCEDURAL HISTORY:**

George McGrew (McGrew) agreed to work as a truck driver for Quality Carriers, Inc. (Quality) via a contract dated May 8, 2009. McGrew also entered into a purchase and lease back agreement with Quality where he agreed to purchase a truck from Quality and lease that truck back to Quality. Payments to purchase the truck were taken from the pay McGrew was to receive from Quality. McGrew would use that truck to drive a dedicated route for Quality. That route was from Winnfield, Louisiana, to Oakdale, Louisiana. On the route, McGrew would load his trailer with resin at Arclin in Winnfield, drive to Martco in Oakdale, and unload his trailer of resin there. According to McGrew's testimony, he would make three runs daily.

In order to accomplish his run, McGrew would have to perform various activities, including climbing onto the trailer. On May 11, 2009, McGrew slipped and fell while attempting to climb onto the trailer attached to his truck. The fall resulted in McGrew being injured.

On May 6, 2010, McGrew filed a disputed claim for compensation against Quality, alleging that he was an employee of Quality and, as such, was entitled to

workers' compensation benefits. In December 2010, Quality filed a motion for summary judgment on the basis that McGrew was an independent contractor and not engaged in manual labor for a substantial amount of his work time. In response, McGrew argued that there was an issue of fact as to whether he was an employee or independent contractor and, in the alternative, that even if he was an independent contractor, there was an issue of fact as to whether he fit into the manual labor exception of La.R.S. 23:1021(7).

After considering briefs and oral arguments, the hearing officer concluded that McGrew was an independent contractor and that Quality was entitled to summary judgment because McGrew, at trial, could not carry his burden to prove that he fit into the manual labor exception of La.R.S. 23:1021(7). Therefore, the hearing officer dismissed McGrew's claim for compensation with prejudice. McGrew has appealed this ruling, asserting two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The hearing officer erred in finding that McGrew did not spend a substantial amount of his time engaged in manual labor, when the deposition testimony showed that he was required to climb ladders, pull and connect heavy hoses, turn valves[,] loosen and tighten bolts, [and] open and close hatches to load and unload the truck on each of his dedicated runs.

2. The hearing officer erred in failing to give any consequence to the last sentence of [La.]R.S. 23:1021(10) where evidence established to that McGrew purchased the tractor from Quality, and leased the tractor and his labor back to Quality; at a minimum, the contract should have been disallowed in determining whether [] McGrew was an employee of Quality, and summary judgment should not have been granted on conflicting evidence.

**ASSIGNMENT OF ERROR NUMBER ONE:**

McGrew's first assignment of error is that the hearing officer erred in finding that he "did not spend a substantial amount of his time engaged in manual labor when the deposition testimony showed that he was required to climb ladders,

pull and connect heavy hoses, turn valves[,] loosen and tighten bolts, [and] open and close hatches to load and unload the truck on each of his dedicated runs." This assignment does not accurately state the finding of the hearing officer considering the burdens of proof in a summary judgment setting. The hearing officer found that McGrew could not carry his burden to prove, at trial, that he fit into the manual labor exception found in La.R.S. 23:1021(7). We agree with McGrew that the hearing officer's finding in this regard is in error.

This case is before us after the hearing officer granted Quality's motion for summary judgment. A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2). When analyzing whether to grant a summary judgment, courts "are required to construe factual inferences that are reasonably drawn from the evidence presented in favor of the party opposing the motion; all doubt is to be resolved in the non-moving party's favor." *Johnson v. State Farm Ins.*, 08-1250, p. 2 (La.App. 3 Cir. 4/1/09), 8 So.3d 808, 810.

In the case before us, Quality, as movant, has the initial burden to prove that it is entitled to summary judgment. At issue in Quality's motion is whether

3

McGrew is its employee such that McGrew could receive benefits under our workers' compensation statutes. At trial, McGrew has the burden to prove that he is Quality's employee in order receive workers' compensation benefits. Therefore, Quality need not negate all of the elements of McGrew's petition for workers' compensation benefits, it merely needs to point out an absence of support for an essential element of McGrew's petition, i.e., that McGrew is its employee. Quality did so by producing a contract where the parties agreed that McGrew was an independent contractor. Thereafter, the burden shifts to McGrew to show support for his claim that he is the employee of Quality or that he fits under an exception in the workers' compensation statutes such that he was covered by the act regardless of his status as an independent contractor.

At the end of the hearing on the motion for summary judgment, the hearing officer found that McGrew could not carry his burden to show at trial that he fit into the manual labor exception found in La.R.S. 23:1021(7).[1] Given the directive to view the facts in this case in a light most favorable to McGrew, we conclude that this finding by the hearing officer was in error.

Independent contractors are excluded from our workers' compensation statutes "unless a substantial part of the work time . . . is spent in manual labor." La.R.S. 23:1021(7). Labor is deemed "manual" if the physical elements predominate over the mental elements in performing that labor. *Riles v. Truitt Jones Const.*, 94-1224 (La. 1/17/95), 648 So. 2d. 1296. "Substantial part" is

---

[1] Louisiana Revised Statutes 23:1021(7) defines an "independent contractor" as:

> [A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.

4

liberally construed and is not determined by the use of mathematics. *Id.* Rather, "substantial part" is viewed as "the converse of immaterial or insubstantial." *Id.* At 300 (quoting *Welch v. Newport Indus., Inc.*, 86 So.2d 704, 707 (La.App. 1 Cir. 1956)).

Here, McGrew testified via deposition that in his normal daily work for Quality, he made three runs from Arclin to Marco. According to McGrew, in each run, he spent approximately fifteen minutes preparing the trailer to be loaded at Arclin. Next, he drove an hour and a half to arrive at Martco where he estimates that he spent another fifteen minutes preparing the trailer to be unloaded. The preparation to load and unload the trailer for one run involves climbing and descending the ladder on the side of his trailer multiple occasions, unscrewing and screwing bolts for the "manhole" cover on top of his trailer, inspecting and cleaning out hoses, attaching those hoses either to his trailer or to the loading apparatus at the plant, and opening and closing valves to begin and end the loading of the resin onto his trailer.

Each of these activities is characterized by utilizing the physical elements more than the mental elements. Thus, each is "manual labor." A reasonable inference from McGrew's testimony is that in a normal work day, he spent one and a half hours performing manual labor. This certainly is not immaterial or inconsequential and constitutes a "substantial part" of his work time.

While it is true that there are cases where truck drivers do not fit into the manual labor exception of La.R.S. 23:1021(7), whether a substantial part of one's job involves manual labor is addressed on a case-by-case, not job-by-job basis. *Guillory v. Overland Express Co.*, 01-419 (La.App. 3 Cir. 10/3/01), 796 So.2d 887. Here, McGrew testified that he had multiple other truck driving jobs and that this particular job was more physical than other truck driving jobs he had performed.

5

This is reasonable, as other cases involving truck drivers can conceivably involve a driver merely loading and/or unloading the trailer once or even less daily with more time spent driving compared to this particular truck driving job with Quality.

Given the context, and we are to view the facts presented in this case, we find one can reasonably infer that McGrew has carried his burden to prove that his job fit under the manual labor exception of La.R.S. 23:1201(7). Accordingly, we reverse the hearing officer's grant of summary judgment to Quality and remand this case for further proceedings consistent with this opinion.

## ASSIGNMENT OF ERROR NUMBER TWO:

McGrew asserts in his second assignment of error that the hearing officer erred in failing to give any consequence to the last sentence of La.R.S. 23:1021(10) where evidence established that he purchased the tractor from Quality and leased the tractor and his labor back to Quality. While our finding in assignment of error number one renders this assignment moot, we note that La.R.S. 23:1021(10) states:

> "Owner operator" means a person who provides trucking transportation services under written contract to a common carrier, contract carrier, or exempt haulers which transportation services include the lease of equipment or a driver to the common carrier, contract carrier, or exempt hauler. An owner operator, and the drivers provided by an owner operator, are not employees of any such common carrier or exempt hauler for the purposes of this Chapter if the owner operator has entered into a written agreement with the carrier or hauler that evidences a relationship in which the owner operator identifies itself as an independent contractor. For purposes of this Chapter, owner operator does not include an individual driver who purchases his equipment from the carrier or hauler, and then directly leases the equipment back to the carrier or hauler with the purchasing driver.

Our view of this statute as applicable to the case at bar is that McGrew is not an owner operator as defined. Thus, the fact that McGrew has a contract with Quality delineating him as an independent contractor is not the only factor in determining whether McGrew is classified as an employee or independent contractor. Rather,

the court properly would look to the factors noted in *Hickman v. Southern Pacific Transport Co.*, 262 So.2d 385 (La.1972) and consider that a contract's content is not the determinative factor in deciding whether one is an employee or independent contractor. *Crysel v. Gifford Hill & Co.*, 158 So. 264 (La.App. 2 Cir. 1935); *Murphy v. Tremont Lumber Co.*, 22 So.2d 79 (La.App. 2 Cir. 1945.)

We do note that this court was not asked to adjudicate the underlying issue of whether the hearing officer properly found that Quality carried its burden to prove that McGrew was an independent contractor. This issue was not specifically raised in an assignment of error nor was it directly addressed by McGrew.

**CONCLUSION:**

George McGrew raises two assignments of error, both asserting that the hearing officer erroneously granted Quality Carriers, Inc.'s summary judgment dismissing his workers' compensation claims. We conclude that one can reasonably infer that McGrew has carried his burden to prove that his job fit under the manual labor exception of La.R.S. 23:1201(7). Accordingly, we reverse the hearing officer's grant of summary judgment to Quality Carriers, Inc. and remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**