WHIPPLE, J.
12Pefendant, Maximum Leisure, LLC (“Maximum Leisure”) appeals the judgment of the Office of Workers’ Compensation (“OWC”), finding that claimant, Jason Courtney, was an employee of Maximum Leisure at the time of his accident and awarding Courtney indemnity benefits, *414 medical expenses, and penalties and attorney’s fees due to Maximum Leisure’s failure to timely pay indemnity and medical benefits. For the following reasons, we affirm in part and amend in part.
FACTS AND PROCEDURAL HISTORY
In 2005, Maximum Leisure, a four-member LLC, purchased property on Chinqua-pin Canal in Maurepas, Louisiana with the intention of developing the land as a subdivision and then selling the lots. Thereafter, Maximum Leisure hired Fletcher Trucking to perform the work necessary to develop the property. On January 2, 2008, Courtney, a laborer for Fletcher Trucking, was shot in the leg while in the process of excavating and moving dirt from one location to another in the subdivision development.
Following his injury, Courtney filed original and amended disputed claims for compensation, averring that at the time of his injury, he was an employee of both Fletcher Trucking and Maximum Leisure and that he had not been paid indemnity or medical benefits for his work-related injury. In response, Maximum Leisure filed exceptions of no cause of action and no right of action, contending that it had no liability to Courtney for workers’ compensation benefits because Maximum Leisure had never employed or compensated Courtney.[1]
IsA hearing on the exceptions was conducted on February 11, 2011, at which Ronald Breeland, the member of Maximum Leisure who was responsible for overseeing the development of the property on Chinquapin Canal, testified before the OWC judge on behalf of Maximum Leisure. Following the hearing, the OWC judge issued written reasons for judgment, finding as fact that Fletcher Trucking, although an independent contractor, was performing excavation work for Maximum Leisure, which was manual labor that constituted an integral part of Maximum Leisure’s principal trade or occupation. The OWC judge further found that Breeland supervised the work at the work site on a daily basis. Thus, the OWC judge ruled that Richard Fletcher d/b/a Fletcher’s Trucking was an employee of Maximum Leisure at the time of Courtney’s accident and, accordingly, that Maximum Leisure had failed to prove that Courtney had no right of action against Maximum Leisure for workers’ compensation benefits. Thereafter, the OWC judge signed an order denying Maximum Leisure’s exceptions.
The matter then proceeded to trial on the merits on May 4, 2011. Following trial, the OWC judge reaffirmed its earlier findings that work performed by Fletcher Trucking employees was manual labor performed for Maximum Leisure to develop the land and further that Breeland supervised that work on behalf of Maximum Leisure. Thus, the OWC judge concluded that Maximum Leisure was Courtney’s borrowing employer pursuant to LSA-R.S. 23:1031(C) and rendered judgment in favor of Courtney ordering Maximum Leisure to pay Courtney indemnity benefits, medical benefits, and penalties and attorney’s fees. From this judgment, Maximum Leisure appeals, listing four assignments of error.
LDISCUSSION
Alleged Erroneous Evidentiary Rulings (Assignment of Error No. 3)
In its third assignment of error, Maximum Leisure avers that the OWC judge *415 made various erroneous evidentiary rulings. We address this assignment of error first given that an erroneous evidentiary ruling may affect the standard of review on appeal.[2] Penton v. City of Hammond Police Department, 2007-2852 (La.App. 1st Cir.5/2/08), 991 So.2d 91, 95.
With regard to the first alleged erroneous evidentiary ruling, Maximum Leisure contends that the OWC judge, when ruling on the merits following trial, erred in considering testimony offered in support of Maximum Leisure’s exceptions. As stated above, at the hearing on the exceptions filed by Maximum Leisure, Breeland, the member of Maximum Leisure responsible for overseeing the development of the property, testified. According to the OWC judge’s written reasons in ruling on the exceptions, Breeland admitted at the hearing that the work done by Richard Fletcher and his crew was excavation work and that he supervised the work on a daily basis at the work site.
However, at the trial on the merits, Maximum Leisure designated Monte Holland, another member of Maximum Leisure, as the corporate representative. Holland testified that he had been voted managing member on the morning of trial. Contrary to Breeland’s earlier testimony, Holland denied that Fletcher Trucking was performing manual labor on behalf of Maximum Leisure at the time of Courtney’s accident, asserting that Maximum Leisure had completed the development of the property by | sthe end of 2006 and, from that point forward, was only selling lots. On appeal, Maximum Leisure asserts that the OWC judge erred in considering the earlier testimony of Breeland, apparently seeking to have only the testimony of Holland considered on the issue of its liability to Courtney for workers’ compensation benefits.
Citing Twenty-First Judicial District Public Defender Board v. Clark, 2008-0222 (La.App. 1st Cir.12/23/08), 2008 WL 5377689(unpublished), Maximum Leisure first contends that evidence may not be considered in ruling on an exception of no cause of action and, thus, that “any such testimony is irrelevant.” However, as stated above, in addition to its exception of no cause of action, Maximum Leisure filed an exception of no right of action. Evidence supporting or controverting an objection of no right of action is admissible for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist. OXY USA Inc. v. Quintana Production Company, 2011-0047 (La.App. 1st Cir.10/19/11), 79 So.3d 366, 376, writ denied, 2012-0024 (La.3/2/12), 84 So.3d 536. In support of its exception of no right of action, Maximum Leisure asserted that Courtney had no right to proceed against Maximum Leisure for workers’ compensation benefits because Maximum Leisure had never employed or compensated Courtney. As evidenced by the OWC judge’s written reasons, the OWC judge considered the testimony of Bree-land in ruling on Maximum Leisure’s exception of no right of action.[3] Moreover, *416 we note that the record before us indicates that Maximum Leisure was the party that offered the testimony of | rcBreeland in support of its exceptions, testimony which it now seeks to have ignored. Thus, we find no merit to the assertion that “any such testimony is irrelevant.”
Additionally, we note that through its exceptions, Maximum Leisure placed the issue of its potential liability to Courtney before the OWC judge, asserting that it was not Courtney’s employer. In denying those exceptions, the OWC judge specifically ruled that Fletcher Trucking was performing manual labor that was an integral part of Maximum Leisure’s principal trade or occupation, a ruling that would render Maximum Leisure liable for workers’ compensation benefits under the “manual labor” exception found in LSA-R.S. 23:1021(7), and, further, that Breeland supervised the work on a daily basis, a ruling supporting the conclusion that Maximum Leisure was Courtney’s borrowing employer pursuant to LSA-R.S. 23:1031(C). While a trial court may change its ruling on an interlocutory matter, such as the denial of an exception, when it timely but later determines error of judgment based upon the matter as submitted or upon subsequent disclosures in the record, VaSalle v. Wal-Mart Stores, Inc., 2001-0462 (La.11/28/01), 801 So.2d 331, 334-335, we find no merit to Maximum Leisure’s apparent assertion that in reconsidering the issue, the OWC judge was required to ignore the testimony presented at the hearing on the exceptions.
Furthermore, with regard to Maximum Leisure’s contention that Breeland’s testimony should not be considered because his testimony is not contained in the record, we note that as the appellant, Maximum Leisure is charged with the responsibility of completeness of the record for review, and any inadequacy of the record is imputable to it as appellant. Moreover, the appellate court presumes that the lower court’s ruling is correct if an inadequate record is transmitted. Luper v. Wal-Mart Stores, 2002-0806 (La.App.7 1st Cir.3/28/03), 844 So.2d 329, 333 n. 3. Accordingly, we find no merit to Maximum Leisure’s assertions that the OWC judge erred in considering the testimony of Breeland in ruling on the issue of Maximum Leisure’s potential liability to Courtney as his “employer” for purposes of workers’ compensation benefits.
Maximum Leisure further alleges that the OWC judge erred as a matter of law and made evidentiary errors in utilizing Courtney’s testimony regarding the jobs he performed without requiring testimony as to the nature of those jobs and in making a credibility determination in favor of Courtney when his testimony was inconsistent and there was evidence that discredited his testimony. At the outset, we note that neither of these alleged errors constitutes an evidentiary or legal error. Rather, these are essentially challenges to the weight assigned by the OWC judge to certain testimony and the credibility determinations made. The OWC judge’s determinations as to the weight to assign testimony and evidence and as to whether certain testimony is credible are factual determinations that will not be disturbed on review in the absence of manifest error. Connor v. Family Dollar Store, 2009-1537 (La.App. 1st Cir.3/26/10), 36 So.3d 339, 348, writ denied, 2010-0959 (La.6/25/10), 38 So.3d 344. Moreover, in considering Maximum Leisure’s first and fourth assignments of error below, through which it challenges the findings that it was Courtney’s borrowing employer and that Courtney was engaged in manual labor at the time of the accident, we find no error in the OWC’s judge’s consideration of the *417 testimony presented or credibility determinations.[4]
Is “Manual Labor” Exception (Assignment of Error No. 4)
In this assignment of error, Maximum Leisure contends that the OWC judge erred in finding Courtney was entitled to benefits on the basis that he was performing “manual labor” which was an integral part of Maximum Leisure’s trade, where the work being performed by Courtney was truck driving, which is not considered “manual labor.”
Independent contractors are excluded from workers’ compensation coverage “unless a substantial part of the work time ... is spent in manual labor.”[5] LSA-R.S. 23:1021(7). Fleniken v. Entergy Corporation, 2000-1824, 2000-1825 (La. App. 1st Cir.2/16/01), 780 So.2d 1175, 1190, writs denied, 2001-1268, 2001-1305, 2001-1317 (La.6/15/01), 793 So.2d 1250, 1253, 1254. Labor is deemed “manual” if the physical elements predominate over the mental elements in performing that labor. Moreover, “substantial part” is liberally construed and is not determined by the use of mathematics. McGrew v. Quality Camers, Inc., 2011-440 (La.App. 3rd Cir.10/5/11), 74 So.3d 1253, 1256. It is the substance of the relationship and not the label used which determines whether an independent contractor recovers workers’ compensation benefits. Steinfelds v. Villarubia, 2010-0975 (La.App. 4th Cir.12/15/10), 53 So.3d 1275, 1281, writ not considered, 2011-0137 (La.3/4/11), 58 So.3d 466.
By Acts 2004, No. 188, § 1, the legislature amended the definition of “independent contractor” and the related “manual labor” exception to specifically provide that the operation of a truck tractor or truck tractor trailer is not “manual labor” for purposes of entitlement to workers’ compensation benefits. Nonetheless, while there are cases where truck drivers will not fit into the “manual labor” exception of LSA-R.S. 23:1021(7), whether a substantial part of one’s job involves manual labor is addressed on a case-by-case, not a job-by-job basis. McGrew, 74 So.3d at 1257.
In the instant case, Courtney testified that the activities he performed on behalf of Maximum Leisure involved hauling dirt, clearing land, laying asphalt roads, building forms, wrecking forms, bulkheading, using chainsaws to remove wood, and welding, among other things. On the day of his accident, he was digging dirt from one location, loading it into a dump truck, hauling the dirt to the end of the road on which he was working, and dumping it. When he was driving the *418 dump truck during this excavation project, he had to stop to remove a limb from the passenger-side mirror. As Courtney attempted to remove the limb, he was shot in the leg. Thus, while Courtney had been in the process of driving the dump truck shortly before he was shot, we find no error in the OWC’s judge’s conclusion that a substantial part of the job he was performing clearly involved manual labor.[6] See McGrew, 74 So.3d at 1256-1257. This argument also lacks merit.
Borrowing Employer (Assignment of Error No. 1)
As stated above, in addition to finding that Courtney was entitled to workers’ compensation benefits from Maximum Leisure under the “manual labor” exception, the OWC judge found that Maximum Leisure was Courtney’s borrowing employer. In this assignment of error, Maximum Leisure asserts that the OWC judge erred in finding that it was Courtney’s “borrowing employer,” contending that on the date of Courtney’s accident, Maximum Leisure was not engaged in any on-site activity other than the sale of the remaining lots and suggesting that Courtney was actually performing services that day for another company owned by Breeland.
Pursuant to LSA-R.S. 23:1031(0, a borrowing or special employer can be held liable for compensation benefits when the employee is under the control and direction of the borrowing employer in the performance of the work. While there is no fixed test, the factors to be considered in determining the existence of a borrowed employee relationship include: right of control; selection of employees; payment of wages; power of dismissal; relinquishment of control by the general employer; which employer’s work was being performed at the time in question; the existence of an agreement, either implied or explicit, between the borrowing and lending employer; furnishing of instructions and place for the performance of the work; the length of employment; and the employee’s acquiescence in a new work situation. Mejia v. Boykin Brothers, Inc., 2010-0118 (La.App. 1st Cir.9/10/10), 52 So.3d 82, 84.
In support of its contention that Maximum Leisure was not engaged in any on-site activity other than the sale of the remaining lots at the time of | n Courtney’s injury, Maximum Leisure relies on the testimony of Holland, who testified at trial that Maximum Leisure had completed the development of the property by the end of 2006. However, this testimony was contradicted by invoices from Fletcher Trucking from early 2008, wherein Maximum Leisure was billed for work performed on its behalf by Fletcher Trucking, as well as by the testimony of Courtney that the work he was performing was on behalf of Maximum Leisure. Moreover, Holland’s testimony was inconsistent with the OWC judge’s earlier finding, based on Bree-land’s testimony at the hearing on the exceptions, that Maximum Leisure through Breeland exercised control of the work at the jobsite on a daily basis, a finding that the OWC judge reaffirmed following trial on the merits[7]. Accordingly, we find no merit to this argument.
*419 Additionally, with regard to its assertion that Courtney was actually performing services that day for another company owned by Breeland, the OWC judge was presented with conflicting testimony on this issue, and we cannot conclude that the OWC judge’s choice to credit the testimony of certain witnesses and disregard the testimony of others was erroneous. See Connor, 36 So.3d at 348. This argument likewise is without merit.
Liability of Fletcher as Courtney’s Direct Employer (Assignment of Error No. 2)
In this assignment of error, Maximum Leisure contends that the OWC judge erred in failing to recognize Richard Fletcher d/b/a Fletcher Trucking as Courtney’s direct employer and, thus, in failing to find Fletcher solidarity liable with Maximum Leisure for Courtney’s workers’ compensation 112beneflts. We agree.
Pursuant to LSA-R.S. 23:1031(0, where an employee was employed by a borrowing, or special, employer at the time of his injury and was under the direction and control of the special employer in the performance of the work, both the special employer and the immediate employer shall be liable jointly and in solido to pay the employee workers’ compensation benefits. Sanchez v. Harbor Construction Co. Inc., 2007-0234 (La.App. 4th Cir.10/3/07), 968 So.2d 783, 787.
In the instant case, Courtney testified that he began working for Fletcher Trucking when he graduated from high school in 2005 and that he was a laborer for the company. Moreover, while Fletcher asserted at trial that Courtney was an independent contractor and not his employee, in his pre-trial statement, he acknowledged that Courtney was an employee of Fletcher Trucking on the day of his injury. Moreover, at trial, he admitted that he paid Courtney’s wages for the four weeks preceding Courtney’s injury from a checking account in the names of Richard Fletcher and Richard Fletcher Trucking. Accordingly, we will amend the judgment herein to award benefits[8] in favor of Courtney against Maximum Leisure and Richard Fletcher d/b/a Fletcher Trucking jointly and in solido.[9]
ANSWER TO APPEAL
Courtney has answered Maximum Leisure’s appeal herein, seeking attorney’s fees for having to defend the appeal, which he asserts is frivolous. Damages for frivolous appeal may be awarded pursuant to LSA-C.C.P. art. 2164; however, because the statute is penal in nature, it must be strictly construed. Dukes v. Sherwood Acres Apartments, 2004-0405 (La.App. 1st Cir.12/30/04), 898 So.2d 416, 418. Appeals are favored, and penalties for frivolous appeal will not be imposed unless they are clearly due. The slightest justification for an appeal precludes damages for frivolous appeal. Dukes, 898 So.2d at 418. Considering the arguments asserted by Maximum Leisure, and specifically *420 noting that this court has granted some of the relief requested, we decline to assess damages for frivolous appeal.
CONCLUSION
For the above and foregoing reasons, the October 11, 2011 judgment of the OWC is amended to cast Maximum Leisure, LLC, and Richard Fletcher d/b/a Fletcher Trucking jointly and in solido for the temporary total benefits, supplemental earnings benefits and medical benefits awarded to Jason Courtney. In all other respects, the judgment is affirmed. Courtney’s answer to the appeal is denied. Costs of this appeal are assessed equally against Maximum Leisure, LLC, and Richard Fletcher, d/b/a Fletcher Trucking.
AMENDED AND, AS AMENDED, AFFIRMED; ANSWER TO APPEAL DENIED.
McCLENDON, J., concurs and assigns reasons.

. Maximum Leisure also filed an exception of prescription, which was denied by the OWC judge.

. We likewise address the remaining assignments of error out of order for ease of discussion.

. Additionally, even if the argument asserted by Maximum Leisure regarding its liability for workers’ compensation benefits would more properly be considered an argument that Courtney had no cause of action against it, rather than no right of action, we further note that while evidence is generally not admissible on the trial of an exception of no cause of action, a court may consider evidence admitted without objection as enlarging the pleadings. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748, 756.

. Courtney’s testimony as to the nature of the jobs he performed and whether those tasks in fact constituted manual labor, was available and subject to cross-examination as deemed fit in these proceedings.

. Subsection (7) of LSA-R.S. 23:1021 provides as follows:
"Independent contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting, and disconnecting electrical and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter. [Emphasis added.]

. The record demonstrates that independent contractor Fletcher Trucking is a sole proprietorship of Mr. Fletcher. However, a finding that Courtney was an employee of Fletcher Trucking rather than an independent contractor himself would not change the result in that Fletcher Trucking performed "manual labor" duties through its employees. See Lu-mar v. Zappe Endeavors, L.L.C., 06-317 (La.App. 5th Cir. 10/31/06), 946 So.2d 188, 191.

. As noted above, the appellant is charged with the responsibility of completeness of the record for review, and any inadequacy of the *419 record is imputable to the appellant. Because the record does not contain a transcript of the hearing on the exceptions, the appellate court must presume that the lower court’s ruling is correct. Luper, 844 So.2d at 333 n. 3.

. We decline to amend the judgment to cast Fletcher in judgment in solido for the penalties and attorney's fees awarded because the finding of the OWC was specifically that Maximum Leisure did not reasonably controvert the claim. Moreover, there was no specific finding that Fletcher failed to reasonably controvert the claim.

. We note that neither Maximum Leisure nor Fletcher appealed the OWC judge's findings as to the type or duration of benefits to which Courtney was entitled.